**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:16-cv-00219-RJC**
**(5:13-cr-00063-RJC-1)**

| | | |
|---|---|---|
| **SEBASTIAN ALEXANDER MORRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Sebastian Alexander Morris's pro se

motion to modify his sentence in light of an amendment to the United States Sentencing

Guidelines ("U.S.S.G."). (Doc. No. 1). Although Morris styles his motion as one brought under

28 U.S.C. § 2255, he actually is seeking a remedy afforded under 18 U.S.C. § 3582(c)(2).

## I.      BACKGROUND

On April 24, 2014, Morris entered a straight up guilty plea to transporting child

pornography and aiding and abetting the same, in violation of 18 U.S.C. §§ 2252A(a)(1), (b)(2)

and 18 U.S.C. § 2 (Count One), and possession of child pornography, in violation of 18 U.S.C.

§§ 2252A(a)(5)(B), (b)(2) (Count 2). Accept. & Entry of Plea, Doc. No. 19.[1]  A Presentence

Investigation Report ("PSR") was prepared for sentencing purposes. PSR, Doc. No. 29. Using

the 2013 United States Sentencing Guidelines ("U.S.S.G.") Manual, the probation officer

concluded Morris had a total offense level of 34, which included a two-point enhancement for

distribution of child pornography pursuant to U.S.S.G. § 2G2.2(b)(3)(F). PSR ¶¶ 23, 32-34.

---

[1] Unless otherwise indicated, all docket references not in parentheses refer to documents in the underlying criminal action. Docket references in parentheses refer to documents in the instant habeas action.

With a criminal history level of I, Morris's guidelines sentencing range was 151-188 months'

imprisonment.  Id. at ¶ 63.

At sentencing, however, the Court departed downward nine-levels, leaving Morris a total

offense level of 25.  State. of Reasons 4, Doc. No. 42.  At that offense level, Morris's sentencing

range was 60 to 71 months' imprisonment.[2]  PSR p. 19.  The Court sentenced him to concurrent

60 month sentences, the mandatory statutory minimum sentence.  J., Doc. No. 41.

Morris did not file a direct appeal.  He filed the instant Motion on December 6, 2016,

when he placed it in the prison mail system.  (Mot. 13, Doc. No. 1.)  He seeks a reduction in his

sentence under an amendment to the Sentencing Guidelines.

## II.     DISCUSSION

A petitioner ordinarily may not use 28 U.S.C. § 2255 to seek a sentence reduction based

on subsequent amendments to the Sentencing Guidelines.  See United States v. Goines, 357 F.3d

469, 477 (4th Cir. 2004).  A motion for sentence reduction based on a Guidelines amendment

should be filed under 18 U.S.C. § 3582(c)(2), not § 2255.  See id. at 477–81.  In other words,

Petitioner's requested relief is not cognizable in a § 2255 proceeding.  Accordingly, the Court

shall construe the instant Motion as one brought pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) permits a retroactive offense level reduction if the defendant's

sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing

Commission," and "such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission."  Id.  The "applicable policy statements" referenced in § 3582(c)(2) are

found in U.S.S.G. § 1B1.10.  Dillon v. United States, 560 U.S. 817, 826 (2010).

Morris requests a reduction of his sentence under Sentencing Guidelines Amendment

---

[2] Morris's new guideline range was 57-71 months, but because the statutory minimum sentence (60 months) was greater than the minimum of the guideline range, Morris's sentencing range was 60-71 months.  See U.S.S.G. § 5G1.1(c)(2).

801, which became effective November 1, 2016. (Mot. 12). As is relevant here, Amendment 801 "addresses differences among the circuits involving application of the tiered distribution enhancements in [Guideline] § 2G2.2," which "provide[ ] for an increase for distribution of child pornographic material ranging from 2 to 7 levels depending on certain factors." U.S.S.G. Supp. to App'x C, Amend. 801, Reason for Amendment. As noted, Morris received a two-level enhancement under "§ 2G2.2(b)(3)(F). PSR ¶ 23.

Morris is not eligible for § 3582(c)(2) relief. The Court may "reduce a defendant's term of imprisonment when the [United States Sentencing] Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009). The Fourth Circuit has held that "[a] guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])." Id. at 249 n.2; see also United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (noting that § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Order, Amendment 801 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. Because Amendment 801 does not apply retroactively, Morris's § 3582(c)(2) Motion must be denied.

### III.    CONCLUSION

Although styled as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, based upon the nature of the relief sought, the Court construes Morris's Motion as one brought pursuant to 18 U.S.C. § 3582(c)(2). Because the relief sought may not be retroactively applied, the Motion shall be denied.

**IT IS, THEREFORE, ORDERED** that Morris's Motion to modify his sentence, see 18 U.S.C. § 3582(c)(2), (Doc. No.1) is **DENIED**.

**SO ORDERED.**

Signed: September 8, 2017

Robert J. Conrad, Jr.
United States District Judge